Good morning, Your Honor. Steve Havacek, Federal Defenders, on behalf of Mr. Cortez-Carrasco. Your Honor, I have already had this morning the Quintana Torres case, the relevant portion, read to you as to what the elements are of a 1326 found in. You have to either remain in the United States or enter the United States. That's the actus reus. And then the mens rea is the general criminal intent, as made clear in Pena Jaime, which is you have to do one of those things voluntarily. And I'd ask Your Honors to consider those elements in connection with another one of this Court's cases, Salazar-Robles, which describes the found in element of the found in offense as merely a passive state, that is actually the act of the INS in finding the person that's covered by the found in element. So there's a disconnect between what the defendant does, which is the act of remaining and entering and doing so voluntarily, and what the INS does, which is actually to locate the person. In this case, the district court instructed the jury only on the found in requirement. So in effect, when the jury returned a verdict in this case, they essentially convicted the INS of finding him. They didn't convict Mr. Cortez-Carrasco of committing the actus reus, of remaining or entering, and it didn't convict Mr. Cortez-Carrasco of the mens rea, which is that you do those things voluntarily. And that's why this is a structural error, because when it's all said and done, the actus reus and the mens rea of this offense were not found by the jury. Could you put in any evidence that suggested he had not entered voluntarily? No. The defense didn't put in any evidence. And I think that that type of analysis is what Quintana Torres relied in, in affirming the conviction in that case. But that's a sufficiency case. I don't dispute that a rational jury could make these findings under these facts. And I think that's what the holding of Quintana Torres is. How about Castellanos-Garcia, which also spoke to instructional? That's correct. And Castellanos-Garcia is a different case, because in that case, the issue was whether or not the defendant was entitled to an official restraint case. Official restraint is not an element of this offense. It is relevant, as was the case in Pacheco-Medina, to find out whether or not the ---- It's relevant to whether he entered. That's correct. It is relevant to whether or not he entered. The entry is the element. The official restraint is a consideration that can become relevant to whether or not that element occurred. So Castellanos-Garcia is not a case where the defendant was deprived of an elemental instruction. In fact, the opinion says that all of the elements were instructed in that case. The only issue was whether, on top of that, the defendant was entitled to an official restraint instruction. And what this Court found in that case is that the guy was already 100 yards inside the United States. The agent who found him testified that that was the first time that he saw him. So the Court found that there was just absolutely no evidence to support the notion that official restraint was even an issue in this case. But ---- What effect is our recent opinion in Cruz-Dominguez to your argument? Cruz-Dominguez. Decided in March 2003, which says the government is not required to plead voluntary entry in an indictment charging a defendant with a crime of being found in the United States. Thank you, Your Honor. Okay. Cruz-Dominguez sounds to me as though it's restating the rule in Parga-Rosas. And Parga-Rosas talks about what needs to be in the indictment. But what needs to be in the indictment is not the same thing as what the elements are. Keatonic Torres says that you have this voluntary act that has to be an element of the crime. So is your argument that the elements are in addition to what's required to be pled in the indictment? Yes. Yes, that is my argument. Because ---- Okay. What case authority do you cite to support your premise that there are additional elements of a crime that exist outside the requirements of the indictment? What's your best case authority for that proposition? Well, my best case for what the elements are in this case ---- My question is, what's your best case authority for the proposition that there are elements of a crime that exist outside the requirements of the indictment pleading? Well, I think Parga-Rosas itself would have to be my best case. Because Parga-Rosas acknowledges the Quintana case and that these are elements. It simply found that using the statutory language was sufficient for the purposes of the indictment. And there is a long line of cases, including Supreme Court cases, that say that for the purposes of the indictment itself that you can instruct in the statutory language. And you don't have to include ---- If an element is not included in the indictment, the indictment is still valid? Well, I think that Parga-Rosas is wrongly decided and that they never should have reached the conclusion that they did. And, in fact, the panel in that case acknowledged that Quintana Torres said something different and that Ruelas and, I believe, Salazar-Robles all said something different. But it said those cases involve sufficiency and venue. And because there's sufficiency in venue cases, when we're analyzing the indictment, we're going to rely upon the line of cases that talks about how we can go to the statutory language to decide what the ---- what needs to be in the indictment. So it relied, I think, on a case ---- a line of cases that are specific to the grand jury indictment area as opposed to the jury instructions. Because that basically was how Parga-Rosas got around Quintana Torres, because Quintana Torres was decided before Parga-Rosas was decided. So that basically is the reason that the elements of the offense, as this Court has described it and, in fact, Pena-Jaime is a case that's decided in 2003, just this year, well after Parga-Rosas. And it still says that we do not retreat from our previous requirement that there has to be general criminal intent. And that's at page ---- well, it's cited in the brief. I don't seem to have the page number with me. I'm sorry. It's at page 613, 323, 5-3-613. That's a post-Parga-Rosas case saying it's still necessary to have a voluntary element. Now, the reason I think that these errors are structural is that essentially the gist of the case was not decided by the jury. And if I could ---- Judge Reinhardt is obviously familiar with your Nord v. Concurrence. It talks about a central element being omitted from the offense. Here it's more than a central element. It's two central elements. Essentially, you know, the common law basis for crimes is the actus reus joined together with the mens rea. That is not what was contained in these instructions. That's the reason that this error is structural. I'd like to reserve the rest of my time for rebuttal. Thank you, counsel. Thank you, Your Honor. Good morning. May it please the Court. My name is Kevin Mulcahy. I'm an assistant U.S. attorney in San Diego, and I represent the government in this matter. I wanted to begin simply by really discussing what this case was about at trial and what it is about, which was that the defendant was found 66 miles north of the international border on a northbound Greyhound bus. When asked for identification at a checkpoint, a border patrol checkpoint, he lied to the officers, said, oh, I'm a lawful permanent resident with my documents on another bus, in my luggage, which my luggage is on another bus. There was never any indication, any arguments regarding whether or not he voluntarily entered the United States and what this case was about was whether or not he was deported. And then the jury found that beyond a reasonable doubt. There was no error in the instructions below because there was no evidence that the defendant involuntarily entered or anything of the sort with regard to official restraint. And what I'd like to do is just briefly talk about the fact that this case, with regard to voluntary entry, I think is becoming somewhat confusing, at least down in our courts, with regard to whether or not that's an element of defense. And Ed Smith, Your Honor, said it's not an element of defense. It's not an element of defense with a careful reading of Parga-Rosas, Quintana Torres, Salazar-Robles, and the entire progeny there over the last two and a half or three years we've had these cases come through talking about it. Instead, what voluntary entry is, as Judge Rawlston pointed out in the earlier argument, if we have a case where there's some doubt about whether or not a defendant voluntarily entered or was free from official restraint as it was in Castellano-Garcia, then the government now must prove beyond a reasonable doubt that the voluntary entry or that the entry was voluntary or that the defendant was free from official restraint. But when there's no evidence put forth of any kind, as was the case in Castellano-Garcia, then there's no reason for the government to have to put on or there's no reason to instruct a jury and the government has met its burden. And importantly, I'd like to point this Court to Parga-Rosas, which I know has been cited several times, and I won't read verbatim, but what I'd like to do is note that in the very beginning, Judge Reimer's opinion, there's a very long paragraph that begins. And right in the middle, they talk about essentially that elements were pled correctly and then it lists the elements. Absent from that is voluntary entry. Then the very next sentence, they say beyond this, unless the defendant puts on something that supports his theory that it's an involuntary entry, then the fact that he's found away from the border suffices. And that's what we have here, someone not even close to the border who was never even argued and there was no error in the instructions below. I'd also like to note that even if this Court were to entertain the idea that it wasn't an error, that error certainly was harmless. Again, and I know I repeat myself, this defendant was not even close to the border and when discussing where his documents were, he lied. That shows consciousness of guilt. There was no doubt in anyone's mind. That's why it wasn't argued below. That's why it wasn't instructed below, because it wasn't an issue. Unless Your Honors have specific questions, I'd be willing to submit. Thank you. Mr. Mulcahy says that there's confusion in the Southern District about what the elements of this crime are. Well, Quintana Torres says the voluntary element of the crime consists in the return. So there has to be a voluntary element. And the Kenya Jaime case that I quoted earlier that I couldn't come up with a page site says, being found in the United States requires general intent, which requires the government to prove beyond a reasonable doubt that the defendant voluntarily committed an unlawful act. There can't be any confusion that a voluntary act is required under this statute because this Court has twice in published opinions said that that is in fact an element of the case. Now, Carter-Rosas, relying on a line of cases that's specific to the grand jury indictment, said that it's okay to charge this indictment in the statutory language. But there's no case that I've seen cited that says that if there's an element of the offense, you don't have to have an instruction on it. The statute itself doesn't say that you have to have the specific intent to enter, but Grisidis Ulibarri, in fact, held that you have to have that element. There is a specific intent element for an attempted entry. Well, this is just the same side of another side of the coin. This is a general intent crime, so you have to have the general intent. And it's just exactly the same situation as Grisidis Ulibarri. If this Court says that something is an element of the crime, you know, it's too late to back away from it now. So the petite jury has to be instructed on it. And what's more, this is the element that this Court has relied on to sustain this statute in the face of constitutional attacks. There have been multiple attacks in Ayala and Pargorosis itself saying this is a status crime. It doesn't require that the defendant actually do anything. This Court has turned those constitutional challenges aside by saying, no, it does require something. It requires this voluntary act. Well, if it requires a voluntary act, we're not asking for much. We're asking for just the minor conduct and mens rea that is required for this offense to be instructed to a petite jury before an individual can be imprisoned for it. If there are no further questions, I'd submit. Thank you. Thank you, Your Honor. This case is argued will be submitted.
judges: Reinhardt, Fernandez, Rawlinson